IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GEORGIOS TSOUKALAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-035 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the reasoning set forth in the Magistrate Judge's Report and Recommendation, to which no objections have been filed. However, Respondent has filed a response to the Report and Recommendation, in which Respondent asserts that the instant § 2241 petition should be dismissed as moot because, as recommended by the Magistrate Judge, Petitioner has been credited with an additional 82 days of good conduct time credit ("GCT"), and his projected release date has been moved forward to August 13, 2010. (See doc. no. 20, Ex. A, Att. A).

Respondent is correct in his assertion that a case must present a "live" controversy at all stages, or it is moot. See Soliman v. U.S. *ex rel.* INS, 296 F.3d 1237, 1242 (11th Cir. 2002). Where "events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give a [petitioner] . . . meaningful relief, then the case is moot and must be dismissed." Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). Because mootness is a jurisdictional issue, "[a]ny decision on the merits of a moot case . . . would be an

impermissible advisory opinion." Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000).

There is one exception to the mootness doctrine, which is applicable when "the action being challenged . . . is capable of being repeated *and* evading review." Soliman, 296 F.3d at 1242. However, this exception is exceedingly narrow in scope and applies only in "exceptional situations." Id. (quoting Al Najjar, 273 F.3d at 1336). Indeed, the exception "can be invoked only when '(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration.'" Id. at 1242-43 (quoting Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir. 1997)) (emphasis added).

In the instant case, Petitioner's § 2241 petition is now moot because the Bureau of Prisons has credited Petitioner with the GCT requested in the petition, and this Court can no longer provide Petitioner with any meaningful relief. Moreover, the mootness exception is inapplicable to this case because this same controversy will not occur in the future. Petitioner has received the relief he requested and is projected to be released on August 13, 2010. At that time, he will have completed his federal sentence for the offenses he was charged with committing. Thus, there is no possibility that this same controversy regarding Petitioner's entitlement to GCT will present itself again. Nor has Petitioner been deprived of the opportunity to fully litigate the challenged action. Indeed, Petitioner was able to bring the challenged action to the attention of this Court and has received the GCT to which he was entitled.

In sum, the Magistrate Judge's Report and Recommendation is **ADOPTED** in its reasoning. However, because Petitioner has already received the requested relief, the petition is **DISMISSED** as **MOOT**, and this civil action is **CLOSED**.

SO ORDERED this 18th day of February, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE